IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRENT THACHER,

                    Plaintiff,

           v.                              CASE NO. 21-3098-SAC

WARDEN (fnu)(lnu), et al.,

                    Defendants.

## NOTICE AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se, and his fee status is pending.

### Nature of the complaint

Plaintiff alleges that during his incarceration at the Hutchinson Correctional Facility, he was assaulted due to a correctional officer's negligence and sustained an injury to his right eye. He seeks damages.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal

citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

### Discussion

The court has examined the complaint and has identified certain deficiencies. First, the complaint identifies as defendants the warden, the Kansas Department of Corrections, and the Hutchinson Regional Medical Center. The complaint does not identify any act or omission by the warden; instead, it alleges broadly that he was in charge when the incident occurred. This allegation is insufficient to state a claim for relief. A civil rights action against a public official may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must allege that each government official, through the official's own personal participation, violated the plaintiff's federal rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

Next, plaintiff's claim against the Kansas Department of Corrections (KDOC) also fails to state a claim under § 1983. KDOC is an agency of the State of Kansas, and claims against it essentially are claims against the State. Because the State is not a "person" under § 1983, there is no remedy against it under that provision. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67, 71 (1989); *Blackburn*

*v. Department of Corrections*, 172 F.3d 62, 63 (10th Cir. 1999) ("New Mexico Department of Corrections is not a 'person' subject to suit under § 1983").

Finally, the Hutchinson Regional Medical Center is a business entity, not a "person" acting under color of state law as required under § 1983.

Accordingly, plaintiff must amend the complaint to identify individual defendants. Plaintiff's amended complaint must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change defendants, plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). He must refer to each defendant in the body of the complaint and must allege specific facts that describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **May 7, 2021,** to submit an amended complaint. The clerk of the court shall transmit a form complaint to the plaintiff. If

plaintiff fails to file a timely response, the court will decide this matter on the amended complaint.

**IT IS SO ORDERED.**

DATED:  This 7th day of April, 2021, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge