IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TRENT M. THACHER,**

    **Plaintiff,**

    v.                                        CASE NO. 21-3098-JWL

**TIM EASLEY, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brought this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff filed this case on April 2, 2021. On April 7, 2021, the Court entered a Notice and Order (Doc. 3) screening Plaintiff's Complaint and finding that Plaintiff named improper defendants—the Hutchinson Correctional Facility ("HCF") warden; the Kansas Department of Corrections; and the Hutchinson Regional Medical Center. The Court granted Plaintiff until May 7, 2021, in which to amend the complaint to identify individual defendants. (Doc. 3, at 4.) Plaintiff failed to respond to the Notice and Order by the deadline, and on May 12, 2021, the Court entered an Order of Dismissal (Doc. 4) dismissing this matter without prejudice.

On November 28, 2022, Plaintiff filed: an amended complaint (Doc. 6); a motion for leave to proceed in forma pauperis (Doc. 7); a motion to appoint counsel (Doc. 8); a motion in support (Doc. 9); and a motion to reopen (Doc. 10).

Plaintiff's motion to reopen merely states that he would like to reopen the case now that he has submitted the proper paperwork. (Doc. 10). Plaintiff's motion does not show circumstances warranting reopening this closed case over 18 months after it was dismissed.

Plaintiff has also filed an Amended Complaint (Doc. 6). In his Amended Complaint, Plaintiff continues to name the same three defendants that the Court previously found to be

1

improper in the Court's Notice and Order at Doc. 3. The Amended Complaint fails to cure the deficiencies previously noted by the Court, and therefore fails to state a valid claim under § 1983. The Amended Complaint would be subject to dismissal and does not provide a valid basis for reopening this case.

Plaintiff's motion to reopen is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted). Courts have held that "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *44A Trump Int'l v. Russell*, 546 F. App'x 103, 105 (3rd Cir. 2013) (citations omitted).

Plaintiff has set forth no argument as to why he should receive relief under Fed. R. Civ. P. 60(b).  *See Ajiwoju v. Housing Auth. of Kansas city, Kan.*, 173 F.3d 863, 1999 WL 157421, at *1 (10th Cir. 1999) (unpublished) (affirming denial of plaintiff's motion to reopen voluntarily dismissed case where plaintiff failed to demonstrate he was entitled to relief under Rule 60); *Delgrego v. Taylor*, No. 4:11cv180-RH/WCS, 2012 WL 1365971, at *1 (N.D. Fla. April 19, 2012) (denying motion to reopen where plaintiff failed to meet Rule 60(b) requirements and stating that "[t]he task of managing the district's substantial volume of prisoner cases is difficult enough without allowing a prisoner to abandon and then reinstate a claim for no reason other than a change of mind.").

The Court denies the request to reopen this case.  Plaintiff's remaining pending motions are denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to reopen (Doc. 10) is **denied**.  This case remains closed.

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 7, 8 and 9) are **denied as moot.**

**IT IS SO ORDERED**.

**Dated November 30, 2022, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
